IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEVIN RIEDLE | § | |
| | § | |
| VS. | § | CIVIL NO. 4:09-CV-394-Y |
| | § | (CRIMINAL NO. 4:07-CR-076-Y) |
| | § | |
| UNITED STATES OF AMERICA | § | |

ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

Now pending before the Court is defendant Kevin Riedle's form motion seeking relief under 28 U.S.C. § 2255, along with a separately filed document entitled "Memorandum in Support," which the Court construed as a supplement to the § 2255 motion. The government filed a response to the motion and supplement. Riedle has also filed a document entitled "Response," which is construed as a reply, along with attached letters from appellate counsel to Riedle. After careful consideration and review of defendant Riedle's motion under § 2255 and supplement, the government's response, the reply, the file and record of this case, and the applicable law, the Court concludes that the § 2255 motion must be denied for the reasons stated by the government and as set forth here.[1]

Riedle seeks relief under 28 U.S.C. § 2255 on the following grounds: (1) he received ineffective assistance of counsel in that

---

[1] Riedle has also filed a motion to compel documents and a motion for discovery and an evidentiary hearing. As the Court concludes that Riedle has not shown good cause to authorize discovery, and as the grounds for relief can be resolved on the record, the motions (docket nos. 7 and 12) will be denied.

plea and sentencing counsel (a) coerced him into signing the plea agreement such that his plea was not knowing and voluntary, (b) waited until three days before the scheduled sentencing hearing to file a motion to withdraw his guilty plea, (c) failed to properly question a witness at the sentencing hearing, (d) failed to file a motion for discovery, and (e) did not act in his best interests; (2) this Court abused its discretion and violated his right to due process of law when it allowed the government to introduce evidence that was favorable to his defense[2] just before the sentencing hearing, (3) this Court abused its discretion and violated his Sixth Amendment right to confront witnesses against him by allowing statements from several individuals not present to be entered without giving him an opportunity to confront and cross-examine each witness, (4) this Court abused its discretion in allowing Kimberlie Kronenberger to testify and considered her testimony in enhancing his sentence after Kronenberger admitted she was a habitual liar; (5) his rights to due process of law were violated when the government withheld *Brady* material; and (6) appellate counsel rendered ineffective assistance of counsel when he (a) failed to investigate his case and filed an *Anders* brief, and (b) represented him under a conflict of interest. (§ 2255 Motion; attachment pages; Supplement; pages 1-5.)

---

[2]Presumed to mean favorable to the government.

2

*Voluntariness of Plea*

The Court considers first Riedle's claims that his entry of a plea agreement was not voluntary and knowing, and the result of ineffective advice and even coercion of counsel. Riedle entered a plea agreement whereby he agreed to plead guilty to count two of the indictment--transporting and shipping child pornography--in violation of 18 U.S.C. § 2252(a)(1). He then pleaded guilty at the rearraignment proceeding.

Because a guilty plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences."[3] Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness, when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances--even though the defendant may not know the specific detailed consequences of invoking it."[4]  With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with

---

[3]*United States v. Ruiz*, 536 U.S. 622, 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[4]*Id.* at 630.

3

its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[5] "[A] defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur."[6]

A guilty plea may be invalid if induced by a defense counsel's unkept promises.[7] Ordinarily, however, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."[8] "Solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[9] Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."[10]

Riedle's claim that he entered a plea agreement that was not knowing and voluntary because counsel coerced him by stating that

---

[5] *Id.*

[6] *United States v. Hernandez,* 234 F.3d 252, 255 (5th Cir. 2000).

[7] *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)(citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989)).

[8] *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)(quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979)).

[9] *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

[10] *See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

240 months' imprisonment was the "best deal I would receive, and after signing the agreement I learned that 240 months was the statutory maximum sentence," is directly refuted by Riedle's own testimony and the documents he signed. Both Riedle and his counsel signed the plea agreement and the factual resume. (Docket nos. 30 and 31). In fact, Riedle signed the plea agreement and separately acknowledged "I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it." (Plea Agreement (PA) at 6.) The plea agreement included an express declaration that the "plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement." (PA at 3, ¶ 9.) Riedle expressly waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses in his defense, and against self incrimination. (PA at 1, ¶ 1.) He also agreed that "[t]here have been no guarantees or promises from anyone as to what sentence the Court will impose." (PA at 3, ¶ 9.) Riedle acknowledged that his sentence would be calculated after consideration of the Sentencing Guidelines, and that he would "not be allowed to withdraw his plea if his sentence is higher than expected." (PA at 2, ¶ 4.)

Riedle also signed the factual resume, which recites his being subject to penalties including imprisonment for not less than 5 years and not more than 20 years. (Factual Resume (FR) at 1.) He stipulated that he knowingly transported and shipped in interstate

5

commerce, by computer, four images of minors engaged in sexually explicit conduct. (FR at 2.)

At the rearraignment hearing, Riedle admitted that he committed each of the essential elements of the offense to which he pleaded guilty. (October 26, 2007, Rearraignment Transcript (Tr.) at 9) He testified that he entered the plea agreement voluntarily, of his own free will, and without any other promises or assurances. (Tr. at 10-11.) Riedle also testified that he had discussed the case and the charges with his attorney, and was "fully satisfied with the representation and advice received from [counsel]." (Tr. at 9.) After the prosecutor noted that he was subject to an imprisonment penalty in the range of five to 20 years, Riedle acknowledged that he was subject to that penalty range. (Tr. at 12-13.)  He also acknowledged that if his sentence was more severe than expected, that he would still be bound by his plea of guilty and would not have the right to withdraw it. (Tr. at 13.) The Court accepted his guilty plea, and determined that it was a "knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." (Tr. at 15.)

After review of this record, Riedle has not made any showing that counsel was deficient with regard to his entry of the plea agreement and waiver of his rights, or that counsel coerced him into an involuntary plea.  Riedle fails to show why the Court should not afford "great evidentiary weight" to the documents he agreed to, and afford the "strong presumption of verity" to the prior sworn testimony that he understood the waiver of his

6

constitutional rights and entered his guilty plea knowingly and voluntarily. Although Riedle alleges counsel coerced him into thinking 240 months was his "best deal," he testified at rearraignment that counsel had discussed how the sentencing guidelines might apply to his case, and that his sentence could not be determined until after the presentence report was prepared. (Tr. at 5-6.) While it is true that 240 months was the statutory maximum sentence, it became the top of the applicable guideline range because Riedle's initial guideline range exceeded the statutory maximum punishment. (Presentence Report (PSR) ¶ 114.) Further, as noted above, Riedle testified that other than the plea agreement, no one had made any promise or assurance to him of any kind in an effort to induce him to plead guilty, and he answered "No" to the question of whether "anyone mentally, physically, or in any other way attempted to force [him] to plead guilty." (Tr. at 11.) Riedle's post-sentence allegation does not overcome the strong presumption that must be afforded to his prior testimony. The Court concludes that Riedle's first ground for relief--that counsel provided ineffective assistance of counsel by coercing him into a plea that was not knowing and voluntary--must be denied.

*Waiver*

As a part of the plea agreement, Riedle entered a waiver of certain rights to appeal and to assert a collateral challenge:

> Riedle waives his rights, conferred by 28 U.S.C. 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28

7

> U.S.C. § 2255. Riedle, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Plea Agreement at 4, ¶ 10.) The Court of Appeals for the Fifth Circuit has held that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."[11]  As the Court has determined that Riedle understood the terms of the plea agreement, and knowingly and voluntarily entered into it, the Court concludes that the waiver of rights was informed and voluntary and is valid and enforceable. Such waiver bars Riedle from pursuing in this proceeding all of his grounds for relief, except for the ground already addressed that the plea was unknowing and involuntary, and his remaining claims that he received ineffective assistance of counsel. Therefore, all of Riedle's grounds for relief 2(a-e) are barred from review.

*Ineffective Assistance*

The waiver language at issue expressly excludes claims of ineffective assistance of counsel. Consequently, the Court must now employ the two-pronged standard for review of ineffective-assistance-of-counsel claims set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This

---

[11]*United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).

>   requires showing that counsel's errors were so serious as
>   to deprive the defendant of a fair trial, a trial whose
>   result is reliable. Unless a defendant makes both
>   showings, it cannot be said that the conviction or death
>   sentence resulted from a breakdown in the adversary
>   process that renders the result unreliable.[12]

The burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[13] A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[14] There is a strong presumption that the performance of counsel falls within this range.[15] A defendant must also affirmatively prove prejudice by showing that a particular error of counsel actually had an adverse effect on the defense, an adverse effect being shown, in turn, by demonstrating a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[16]

The Court has reviewed Riedle's remaining claims of ineffective assistance of counsel against his trial counsel (grounds 1(b-e)), and against his appellate counsel (grounds 6(a-b)) and concludes that he has not shown that either attorney's

---

[12] *Strickland,* 466 U.S. at 687.

[13] *Id.* at 690.

[14] *Id.*

[15] *United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[16] *Strickland,* at 694 (general discussion at pp. 691-695).

conduct was deficient, nor has he shown a reasonable probability that the outcome of the proceeding would be different, for the reasons stated in the government's response at pages 7-10.

Specifically, as to Riedle's allegation that counsel did not adequately question a witness, assuming this refers to the testimony of Kimberly Kronenberger at the sentencing hearing, the record refutes this assertion. Counsel directly elicited the fact that the witness was treated at a Charter facility for being a habitual or compulsive liar. (May 12, 2008, Sentencing Transcript at 40.) Furthermore, Riedle complains that counsel did not act in his best interest. But this too is refuted by a review of the objections lodged by counsel to the PSR and of counsel's aggressive efforts at sentencing. Those efforts included trying to limit the Court's consideration of evidence supporting the PSR's finding that Riedle's guideline range was subject to a 5-level increase under USSG § 2G2.2(b)(4) for having engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. (PSR ¶ 65; Defendants' January 31, 2008, Objections; May 12, 2008, Tr. at 83-84, 86, 88-90, 91, 94, 123, 127, 129-30, 136.) In fact, through counsel's energetic efforts, the government's evidence from alleged victim Josh Tarkington was stricken and not considered by this Court. (May 12, 2008, Tr. at 121-22.) Riedle's claim that counsel did not act in his best interests is not supported and, as Riedle has shown no deficiency, the claim must be denied.

In support of Riedle's claims that appellate counsel Hawkins labored under a conflict of interest because he was acquainted with trial counsel Curtis, Riedle provided a copy of two letters he

10

received from Hawkins in June and August 2008. (Oct, 26, 2009, Response, attachments.) Although the letters do reveal that Hawkins responded to Riedle's complaints about Curtis, nothing about the letters indicates that appellate counsel took any action relating to the issues raised (or not raised) in the direct appeal as a result of the complaints.

The *Strickland* analysis applies equally to claims of ineffective assistance of appellate counsel.[17] Deficiency requires a showing that counsel "failed to find arguable issues to appeal-- that is, that counsel unreasonably failed to discover nonfrivolous issues and file a merits brief raising them."[18] Satisfying the prejudice prong of Strickland in connection with a claim of ineffective assistance by appellate counsel requires more than a mere complaint about deficiencies in an appellate brief. An appellate counsel is not required to present frivolous arguments on appeal, or even to present all non-frivolous points that could have been raised.[19] In order to prove prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's

---

[17] *Amdaor v. Quarterman,* 458 F.3d 397, 411 (5th Cir. 2006), *cert. den'd,* 127 S.Ct. 2129 (2007), *citing Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir.1999), *cert. den'd,* 528 U.S. 969 (1999)and *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

[18] *Smith,* 528 U.S. at 285.

[19] *See Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.)(holding that a federal habeas petitioner's claim of ineffective assistance by appellate counsel failed to satisfy the prejudice prong of Strickland where all of the omitted grounds for relief on appeal raised by the petitioner were without merit), *cert. den'd,* 512 U.S. 1289 (1994); *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.)("The Constitution does not require appellate counsel to raise every non-frivolous ground that might be pressed on appeal"), *cert. den'd,* 493 U.S. 970 (1989) (citation omitted).

11

unreasonable failure to file a brief on the issue, the result of the appeal would have been different.[20]

Riedle's complaint of appellate counsel's alleged conflict of interest does not meet these standards. Rather, counsel informed Riedle, in June 2008, of the likelihood of the filing of an *Anders* brief, and such a brief was later filed with the United States Court of Appeals for the Fifth Circuit on November 13, 2008. (*Riedle v. United States,* No. 08-10475.) That brief noted that any claims of ineffective assistance of counsel could be lodged through a motion under § 2255. Riedle has not alleged or shown that appellate counsel omitted any non-frivolous issues on appeal, nor has he shown that but for counsel's failure to raise any particular appellate issue, the result of his appeal would have been different.

Therefore, Riedle's September 21, 2009, motion to compel documents (docket no. 7) and the February 5, 2010, motion for discovery and evidentiary hearing (docket no. 12), are DENIED.

Kevin Riedle's motion for relief under 28 U.S.C. § 2255 is DENIED.

SIGNED February 22, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[20]*Smith,* 528 U.S. at 285; *Sharp v. Puckett,* 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland,* 466 U.S. at 694.